## Williams, Anita

| | |
|---|---|
| **From:** | Erick Robinson <erobinson@CJSJLAW.com> |
| **Sent:** | Friday, May 22, 2026 12:48 PM |
| **To:** | Pinkus, Brett; Charles R. Macedo; Greg Love; Mark Siegmund; Grace Yang; Ari Rafilson |
| **Cc:** | WaveMaker; Lewis Derenzis III; Joshua Jacobson |
| **Subject:** | [EXTERNAL] Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2 |

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Brett,

It all comes down the fact that WaveMaker has refused to provide: its 101 Contentions or the information required therein. This information is a necessary prerequisite to the meet and confer, which in turn is a necessary prerequisite for the parties to check one of the two boxes you mention below. As I have stated, until WaveMaker has provided the information in its 101 contentions, we cannot have a meaningful meet and confer that comports with the court's standing orders and the local rules.

Native Pixel will **not be in a position to either agree or disagree** that prior claim construction is not needed to inform the Court's analysis as to patentability until WaveMaker provides the necessary information required by 101 Contentions.

To be clear, if WaveMaker falsely certifies the Court either of the two positions regarding whether claim construction is needed, Native Pixel will file a motion to strike, inform the Court of WaveMaker's intentionally misleading certification, and of its continuing disregard of this Court's orders, rules, and procedures. We cannot stop Defendant from filing in contravention of the Court's requirements. But if you do, we will be seeking costs.

I have asked before, but I will make one last request: there is **no advantage** for WaveMaker filing a 12(b)(6) motion based on 101 today in contravention of the Court's orders, rules, and procedures. **WaveMaker, without waiving any of its rights, can simply file an answer today and file a 101 motion later and according to the Court's prescribed orders**. If you need until Monday to file the answer, **Plaintiff will agree to file a joint motion to that effect**. Native Pixel is perfectly willing and able to comply with the Court's process. However, we are not willing to let WaveMaker completely ignore the rules that were set up for the very motion that WaveMaker apparently insists on filing.

Talk to you at 2:30pm, when I will also repeat the above.

Best regards,
Erick

**Erick S. Robinson**
Partner
**CHERRY JOHNSON SIEGMUND JAMES, PC**
**P:** (713) 498-6047

1



---

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Friday, May 22, 2026 12:19 PM
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** RE: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

Erick,

We have been and are prepared to meet and confer with you in accordance with the Court's standing orders.  We will comply with those orders.  During the course of our correspondence, we have sent more than sufficient information for the parties to meaningfully meet and confer.

Pursuant to the 2015 Standing Order, we are not only engaging in this unproductive communications where you refuse to discuss the merits of Native Pixel's position as to why the claims you filed in the Complaint are patent-eligible or what facts you contend need to be resolve to support your position, but instead make incorrect and deceptive summaries of the court's orders and rules and each side's respective obligations.

The 2015 Standing order requires the parties to check one of the following two boxes:

_____ The parties agree that prior claim construction is not needed to inform the Court's analysis as to patentability.

_____ The parties disagree on whether prior claim construction is not needed to inform the Court's analysis as to patentability.

To date we have not seen any reason or arguments reflecting any issue that requires claim construction, but we understand that you are not agreeing to that. By definition, that is precisely a situation that falls within "the parties disagree on whether prior claim construction is not needed."  To the extent that in our call today, the parties cannot come to an agreement, we will check that second box, submit our motion detailing our position on what has happened, provide a copy of this email chain to the court, and work with you over the next 10 days to prepare the join letter required to be submitted.  This in compliance with the 2015 Standing Order, which addresses that situation as follows:

To the extent such certification reflects disagreement, the parties shall submit a joint letter containing not more than two (2) pages from each side (four pages total) to the Court within ten (10) days from the filing of the § 101 motion, setting forth their respective specifics surrounding such disagreement, including, in particular, any claim terms that the respondent believes need to be construed, why such is needed, and what intrinsic references support such position. Nothing included in such joint letter shall bind the parties as to the § 101 motion, future claim construction, or any other proceeding before the Court.

2

In the meantime, we note that you still need to provide us with the proposed 26(f) schedule that is due for next week's hearing.

We look forward to speaking with you at 2:30 p.m. CT/3:30 p.m. ET.

Thank you for providing on going professional courtesy and assisting the parties in achieving a prompt resolution of the dispute on this issue with the Court.

Brett

**Brett Pinkus**  Partner
Spencer Fane LLP

2200 Ross Avenue, Suite 1700 | Dallas, TX 75201
O 469.749.2347
bpinkus@spencerfane.com | spencerfane.com

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Friday, May 22, 2026 11:03 AM
**To:** Pinkus, Brett <bpinkus@spencerfane.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** [EXTERNAL] Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Thanks, Brett.

To address your latest email, to the extent WaveMaker believes that styling its § 101 challenge as a motion to dismiss under Rule 12(b)(6) exempts it from the requirements of Judge Gilstrap's standing orders, we want to address that issue directly.

It does not.

The 2015 Standing Order applies to "parties seeking to file **pre-_Markman_ hearing dispositive motions** under 35 U.S.C. § 101." A 12(b)(6) motion asserting patent ineligibility is, by definition, **a pre-_Markman_ dispositive motion** under § 101. The order draws no distinction based on the procedural rule invoked — it captures any dispositive § 101 motion filed before _Markman_. The certification, the one-on-one meet-and-confer, and the Clerk's authority to reject non-compliant filings **all apply** with equal force.

The same is true of the 2019 Standing Order on Eligibility Contentions, which applies to "each party alleging that any asserted claim does not qualify as patent-eligible subject matter" — language keyed to the substance of the allegation, **not the procedural vehicle.**

We also anticipate the argument that Local Rule CV-7(i) exempts motions to dismiss from the general certificate of conference requirement. That is irrelevant here. The 2015 Standing Order creates a

separate, independent, and more stringent meet-and-confer obligation specifically for § 101 motions — one that overrides any general exemption. The order expressly states that it "supplements but does not supersede the Rules of Practice for Cases before the Eastern District of Texas." Judge Gilstrap enacted this requirement precisely because he wanted _**all** pre-Markman **§ 101 motions**_ to undergo a substantive conferral process that the general rules do not require for dispositive motions.

Finally, we note that the 12(b)(6) standard, if anything, makes this motion harder for WaveMaker on the merits, not easier. Under _Berkheimer v. HP Inc._, 881 F.3d 1360 (Fed. Cir. 2018), whether claim elements are "well-understood, routine, and conventional" under _Alice_ Step Two is a question of fact. On a 12(b)(6) motion, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in Native Pixel's favor. The procedural label does not change the standing order obligations, and it does not help WaveMaker on the substance.

One final point. You state that you are "unaware of any requirement specified in either of Judge Gilstrap's standing orders" supporting our position that Eligibility Contentions or a draft motion must precede the meet and confer. If that is WaveMaker's position — that the standing orders impose no such requirement — then **please confirm that WaveMaker will not be submitting any Certificate of Compliance to the Court with its motion**. After all, if WaveMaker contends that the 2015 Standing Order's certification process does not apply, it should not selectively invoke the certification form while ignoring the substantive prerequisites the order imposes as a condition of making that certification. Odd that you originally asked Native Pixel for its position on this, though. **WaveMaker cannot have it both ways: it cannot disclaim the obligations the standing orders impose on the movant while simultaneously filing a certification that presupposes those obligations were satisfied**. Please confirm prior to our meeting.  Thank you.

Best regards,

Erick

**Erick S. Robinson**
Partner
**CHERRY JOHNSON SIEGMUND JAMES, PC**
**P:** (713) 498-6047



---

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Friday, May 22, 2026 10:32 AM
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

2:30 works. I will update the invite.

**Brett Pinkus**  Partner

Spencer Fane LLP

_____

2200 Ross Avenue, Suite 1700 | Dallas, TX 75201

O 469.749.2347

bpinkus@spencerfane.com | spencerfane.com

---

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Friday, May 22, 2026 10:00:16 AM
**To:** Pinkus, Brett <bpinkus@spencerfane.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** [EXTERNAL] Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

I can do 2:30 or 3



**Erick S. Robinson**

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PLLC**

8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231

**P:** (713) 498-6047

**F:** (713) 583-9737

**www.cjsjlaw.com**

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Friday, 22 May 2026 08:53:54
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** RE: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

Erick,

Due to a conflict, can we move the call to **2:00 p.m. CT** today instead of 1:00 p.m. CT? Please let us know if that works for you.

We write to address your email below and clarify the legal framework governing our upcoming filing. To be absolutely clear, we are filing a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. Under the Federal Rules and the Local Rules, a defendant is fully authorized to move for dismissal based strictly on the well-pleaded facts appearing within the four corners of the Complaint. For purposes of this motion, we are accepting all of Native Pixel's well-pleaded factual allegations as true. We are also taking into consideration your recent Patent L.R. 3-1 patent disclosures and infringement contentions, which confirm that Native Pixel has identified no claim terms requiring construction.

**Wrong Stage of Litigation:** The flowchart you generated is fundamentally misplaced as it addresses the wrong stage of litigation. It appears to track an internal checklist for summary judgment or post-contentions motion. It is not an E.D. Texas or court provided rules flowchart, it carries no legal authority, and it completely fails to address the governing standard for a Rule 12(b)(6) pleading-stage motion. There is nothing stated expressly or implicitly within Judge Gilstrap's Standing Orders that we must first serve eligibility contentions or a draft of the motion before filing a Rule 12(b)(6). Again, we would consider any actual authority that you provide to the contrary.

**Bases for our § 101 Motion**: Your contention that you are "in the dark" is completely unavailing. Our motion is derived entirely from the text of your patents, your allegations, and your explicit admissions. As I summarized for you in my May 21 email, our motion targets the fundamental, uncurable abstract nature of your claims. All the items you claim we have "withheld" are explicitly addressed in your Complaint (which you declined our invitation to amend) and are detailed using the exact baseline parameters we previously disclosed:

- *Claims Implicated*: All asserted claims across both patents fail under 35 U.S.C. § 101. As Charley advised you on May 14, "This is a fundamental challenge to the eligibility of all of the claims in both patents."

- *Representative Claims*: We are relying directly upon the Complaint's own designation of representative claims. As your Complaint explicitly alleges, claim 6 of the '459 patent and claim 19 of the '335 patent serve as the exemplary claims. Compl. ¶ 66, 81.

- *Conventional Elements*: All elements recited in the claims are well-understood, routine, and conventional. As I detailed in my May 21 summary, the claims rely entirely on generic components—processors, storage media, front-end tools, translation layers, and templates—performing their ordinary, expected functions, without specifying any concrete algorithm, rule set, or technical mechanism to carry out the claimed results. Furthermore, your request for evidence on our part to establish the conventional nature of your claims is misplaced for a 12(b)(6) motion. The question at this stage is what *your* complaint identifies as not well-understood, unconventional, or non-routine—not whether we can prove the opposite. That is a question for summary judgment. Your pleadings have not created a factual issue in this regard, and to the contrary, evidence the complete lack of a factual issue.

- *Relevant Industry*: We rely directly on the industry metrics and standard developer workflows you identified in your pleading. Your Complaint explicitly describes a conventional software-development workflow where designers historically created visual mockups that developers then "painstakingly recreated as handwritten, platform-specific code." Compl. ¶ 7. As I noted in my previous email, your claims merely take this preexisting design-to-code workflow and automate it as a sequence of functional results.

Finally, your suggestion that you cannot evaluate or address the validity of your own patents under *Alice* without receiving extensive "contentions" from the defense is completely belied by your independent obligations under Federal Rule of Civil Procedure 11. As plaintiff's counsel, you had a strict duty to thoroughly vet the subject-matter eligibility of these claims *before* filing this lawsuit. Our arguments for lack of patent eligibility are readily apparent from claims and specifications of the patents on their face. You should have already been fully prepared to articulate exactly what you contend makes these claims inventive and patent-eligible.

We have fully complied with the Court's standing certification orders by giving you clear notice of our grounds, inviting amendment, and seeking your claim construction positions. If you choose to remain silent or refuse to state a position on claim construction during our call, we will file our motion noting the parties' disagreement and the circumstances regarding our discussions, and then proceed with the joint letter within 10 days as prescribed by the § 101 Standing Order.

Best regards,

Brett

**Brett Pinkus**  Partner

Spencer Fane LLP

_____

2200 Ross Avenue, Suite 1700 | Dallas, TX 75201

O 469.749.2347

bpinkus@spencerfane.com | spencerfane.com

---

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Thursday, May 21, 2026 9:50 PM
**To:** Pinkus, Brett <bpinkus@spencerfane.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** [EXTERNAL] Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Brett:

I will focus exclusively on the § 101 issue. You asked for the specific authority supporting our position. The certification requirement itself is that authority.

To make the process more clear, I created the flowchart below:

E.D. TEXAS · PATENT LITIGATION

# Filing a *§ 101 Motion* in Judge Gilstr

A defendant's path to challenging patent-eligible subject matter under 35 U.S.C. §



As shown in the flowchart, Judge Gilstrap's Standing Order Regarding Motions Under 35 U.S.C. § 101 (Nov. 10, 2015) requires the movant to certify one of the following:

_____ The parties agree that prior claim construction is not needed to inform the Court's analysis as to patentability.

_____ The parties disagree on whether prior claim construction is not needed to inform the Court's analysis as to patentability.

To agree or disagree on whether claim construction is needed *to **inform the Court's § 101 analysis**, **we must first know what that analysis will be***. Whether construction is required depends entirely on the specific theory of ineligibility: which claims are challenged, which *Alice* exception is asserted, which elements are alleged to be well-understood, routine, and conventional, and the factual basis for each. It is literally impossible to take a position on whether claim construction informs a § 101 analysis without knowing the substance of that analysis.

Your Rule 11 analogy does not work. The 2019 Standing Order is not a courtesy or a Rule 11 safe harbor; it is a **binding order of the Court** using mandatory "shall serve" language. The 2015 order separately directs that "[t]he clerk shall reject the filing of such pre-*Markman* motions when this certification process has not been met," and the certification process cannot be "met" in any meaningful sense when the movant has refused to make the very disclosures the 2019 order requires.

You contend in your most recent email that WaveMaker has "provided you enough information to understand the substance of our arguments, confer meaningfully on the eligibility issue tomorrow, and for you to advise whether Native Pixel contends that any constructions are necessary that would affect the eligibility analysis." We disagree. The totality of what WaveMaker has disclosed to date consists of the following:

- Charley's May 14 statement that "[o]ur forthcoming motion will assert that both patents are invalid under *Alice*. This is a fundamental challenge to the eligibility of all of the claims in both patents";

- Your May 19 demand that Native Pixel "confirm that [it] does not assert that any of the claim terms need construction for the Court to resolve the patent-eligibility of the claims"; and

- Your May 21 two-sentence summary asserting that "[f]or *Alice* Step 1, the claims are directed to the abstract idea of automating the well-known process of converting graphical user interface ('GUI') designs into device-specific code, reciting only high-level steps—identifying UI elements, associating them with functions, selecting and modifying templates, and generating output code—without specifying how those results are achieved at a technological level," and that "[u]nder *Alice* Step 2, the claims rely on generic components—processors, storage media, front-end tools, translation layers, and templates—performing their ordinary functions, and they provide no algorithm, rule set, or technical mechanism for carrying out the claimed results," coupled with your conclusory assertion that "[w]e do not believe that there are any such claim constructions required for this purpose."

That is not enough — not even close. WaveMaker has not identified which specific claims of which patent it challenges, has not stated whether it treats any claim as representative, has not identified which specific elements it contends are well-understood, routine, and conventional, has not described the relevant industry or the relevant time, and has not produced or identified any supporting materials. That is precisely the information the 2019 Standing Order requires WaveMaker to disclose through its

Eligibility Contentions, including a chart "identifying each exception to eligibility . . . to which each Challenged Claim is alleged to be directed, and the factual and legal basis therefor," a chart describing "how each element of each Challenged Claim, both individually and in combination, was (i) well understood, (ii) routine, and (iii) conventional in the relevant industry at the relevant time, and the legal and factual basis therefor," and production of "all materials upon which that party seeks to rely."

The Standing Order's requirement that the meet-and-confer "shall require one-on-one communication" between lead counsel exists, in the Court's own words, "to avoid an ineffective meet-and-confer process and to heighten the level of seriousness and attention devoted to this process." Local Rule CV-7(h) reinforces that "[s]uch discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position." We cannot meaningfully assess a position WaveMaker has not specified, and we cannot identify "claim terms that the respondent believes need to be construed, why such is needed, and what intrinsic references support such position" — as the joint-letter provision requires — without knowing which specific elements WaveMaker contends are abstract or conventional.

That has a direct consequence for any certification WaveMaker may attempt to file. Because WaveMaker has kept Native Pixel in the dark as to the actual substance of its § 101 challenge, Native Pixel cannot — and will not — agree that no claim construction is needed, and Native Pixel is not in a position to "disagree" on an informed basis either. **Any certification by WaveMaker representing to the Court that the parties have meaningfully met and conferred on the claim construction question, or that the parties have agreed or disagreed on that question after a substantive exchange, would be false**. WaveMaker cannot withhold the information the 2019 Standing Order requires it to disclose and then certify to the Court that the parties have completed the substantive process the 2015 Standing Order requires before a § 101 motion may be filed.

I will participate in tomorrow's 1:00 p.m. CT call. But because WaveMaker has still not served its Eligibility Contentions and has not even provided a draft motion, tomorrow's call cannot – and *will not*– constitute the substantive one-on-one meet and confer required for a valid Certificate of Compliance. If you still want to go ahead and discuss pending issues regarding the litigation, let's do so.  But Native Pixel will not engage in a conversation tomorrow regarding WaveMaker's 101 arguments for the simple reason that we would need to know them to prepare for such a substantive call. It is not just unfair, but pointless to have a discussion on your 101 motion before we see WaveMaker's 101 Contentions.

Further, any false certification mentioned above will be brought to the Court's attention. The Clerk is directed to "reject the filing of such pre-*Markman* motions when this certification process has not been met."

If WaveMaker wishes to file a proper § 101 motion, it should serve its Eligibility Contentions. Once it does, we will promptly engage in the required one-on-one conference. That is all the Court's orders require, and it is all we are asking.

We once again ask WaveMaker and its lead and local counsel to comply with the rules and orders of this Court.

Best regards,

Erick

**Erick S. Robinson**

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PC**

**P:** (713) 498-6047



---

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Thursday, May 21, 2026 4:38 PM
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** RE: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

Erick,

Charley and I will both be on the call tomorrow to discuss further.

To ensure we have things straight, the relevant sequence of events is as follows. We contacted you on May 11 to inform you that Wavemaker intended to file a motion to dismiss for patent eligibility under Sec. 101 and asked if you would want to amend Native Pixel's complaint before we file the motion, which you declined.  Native Pixel failed to serve its infringement contentions by the court's May 14 deadline (despite receiving our email advising that the infringement contentions were due that day). Then after receiving your infringement contentions on May 18 (5 days late, and only after receiving another reminder), we contacted you again on May 19 to confer on these claim construction issues pursuant to the Standing Order when we saw that Native Pixel did not any propose constructions in the infringement contentions.  Then upon your email of May 20 requesting more information, we provided you with the basis for Wavemaker's arguments that we are making in the motion regarding ineligibility of the patents under *Alice* Steps 1 and 2 in my previous email earlier today.

We have provided you enough information to understand the substance of our arguments, confer meaningfully on the eligibility issue tomorrow, and for you to advise whether Native Pixel contends that any constructions are necessary that would affect the eligibility analysis. As I stated in my last email, we believe that no terms need to be construed for this purpose. If, after tomorrow's call, you are unable or unwilling to commit to a position on this, it appears that we will need to indicate in the motion that the parties disagree, and we will then have 10 days to further confer on the specifics and submit the joint letter specifying the parties' respective positions.

We do not believe the approach here would be in violation of any Court order. We are unaware of any requirement specified in either of Judge Gilstrap's standing orders and elsewhere supporting your position that we must provide our eligibility contentions (which are keyed off service of the infringement contentions) or a draft of the motion to dismiss in order to have satisfied our meet and confer obligations before filing the Sec. 101 motion. This is not a Rule 11 motion requiring service of a draft motion before filing, although we reserve the right to file a Rule 11 motion going forward. We request and would welcome you to provide the specific authority or provision on which you rely for us to consider.

We look forward to speaking at 1 pm CT tomorrow.

Brett

**Brett Pinkus**  Partner

Spencer Fane LLP

_____

2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201

O 469.749.2347

bpinkus@spencerfane.com | spencerfane.com

---

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Thursday, May 21, 2026 1:16 PM
**To:** Pinkus, Brett <bpinkus@spencerfane.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** [EXTERNAL] Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Brett,

Unless I hear otherwise, I will have to assume that  WaveMaker is still improperly refusing to provide its 101 Contentions and the information required by the standing order of the Court.  Is WaveMaker also refusing to send a draft motion? Without the Court-mandated information, any meet and confer is pointless. I will make myself available but will reiterate that such a phone call does not meet the requirements for filing a 101 motion in this Court.

As I stated previously, if Defendant insists on filing a 101 motion without going through the procedures specified by the Court, no one can stop you.  But Plaintiff will seek relief from the Court regarding Defendant's improper filing and may seek costs for blatant disregard for the rules of the Court.  Judge Gilstrap's orders on 101 are specifically designed to prevent such premature and arbitrary filings.  The Court wants the parties to try to work this out before filing.  That is why the rules are what they are.  Again, WaveMaker can preserve its rights fully regarding 101 without violating the Court's rules.  As you know, and as my previous email explained, WaveMaker has the ability to preserve its rights regarding a 101 challenge without violating the rules of the Court. If you assert that filing your 101 motion tomorrow is proper notwithstanding the Courts Standing Orders, please  explain at least 2 hours before tomorrow's 1pm call why you believe that WaveMaker is exempt from the Court's 101 orders.  As local counsel, you have an even higher burden to follow the rules.

Separately, if you insist on violating the Court's orders, will you at least agree to insert into your filing the information in my earlier email?  Namely that: (1) WaveMaker has not served its Eligibility Contentions or any supporting materials on Plaintiff as required; (2) despite Plaintiff's request, WaveMaker has not shared a draft or any details of whatever it plans to file, having only stated that it is a motion to dismiss based on § 101; (3) WaveMaker first reached out to Plaintiff to meet and confer regarding its § 101 motion on the afternoon of Wednesday, May 20, just two days before its Answer deadline; and (4) the parties have not conducted the lead-counsel-only, one-on-one oral conference required before the certification may be made.

Finally, please let me know when we can expect your client's 101 contentions or whether you do not plan to send them prior to filing and for the parties to discuss.

Thanks,

14

Erick



**Erick S. Robinson**

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PLLC**

8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231

**P:** (713) 498-6047

**F:** (713) 583-9737

**www.cjsjlaw.com**

---

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Thursday, May 21, 2026 12:34 PM
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** RE: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

Erick,

Let's go ahead with the call on Friday at 1 pm CT between you and Charley.  I will send an invite.

As we advised, we believe Native Pixel's claims are not patent eligible.  Our arguments, as will be laid out in the motion, are summarized as follows.  For Alice Step 1, the claims are directed to the abstract idea of automating the well-known process of converting graphical user interface ("GUI") designs into device-specific code, reciting only high-level steps—identifying UI elements, associating them with functions, selecting and modifying templates, and generating output code—without specifying how

those results are achieved at a technological level.  Under Alice Step 2, the claims rely on generic components—processors, storage media, front-end tools, translation layers, and templates—performing their ordinary functions, and they provide no algorithm, rule set, or technical mechanism for carrying out the claimed results.

As set forth in the Standing Order Regarding motions under 35 U.S.C. § 101, the Court requires the parties to meet and confer about regarding whether they believe that any claim terms need to be construed prior to resolving the patent eligibility issue. In this regard, neither the complaint nor your infringement contentions have, to date, identified any claim constructions or claim construction disputes.  While both sides can reserve their rights to raise claim construction issues that may affect infringement or other validity defenses down the road, we simply want to know what, if any, claim construction issues do you believe are necessary to show that Native Pixel's claims are not abstract under Alice Step 1 and/or meet Alice Step 2.   We do not believe that there are any such claim constructions required for this purpose.

If you maintain that Native Pixel is not able to take a position at this point in time and we do not reach an agreement as a result of our call tomorrow, that is fine. We will indicate in the Certificate of Compliance that the parties disagree. Then we must submit a joint letter setting forth the specifics of the disagreement within 10 days after the motion is filed, or we can tell the Court that we have subsequently agreed that no such claim constructions issues are present.  We believe that you should be able to articulate your positions within those 10 days.

Brett

**Brett Pinkus**  Partner

Spencer Fane LLP

_____

2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201

O 469.749.2347

bpinkus@spencerfane.com | spencerfane.com

---

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Thursday, May 21, 2026 9:25 AM
**To:** Charles R. Macedo <cmacedo@ARELAW.com>; Pinkus, Brett <bpinkus@spencerfane.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson

<jjacobson@ARELAW.com>

**Subject:** [EXTERNAL] Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Charley,

You state that WaveMaker "really need[s] to confirm [our] position in time to meet the deadline." Our position on what, exactly? WaveMaker has refused to share a draft of whatever motion it plans to file, has refused to share its Eligibility Contentions, and has provided no substantive information whatsoever beyond stating that it intends to file a motion to dismiss under § 101. We cannot take a meaningful position on a motion we have never seen, directed at theories we have never been told — and, for the same reason, we cannot assess whether any claim term requires construction to resolve a challenge whose contours WaveMaker has kept entirely to itself.

More fundamentally, two of Judge Gilstrap's standing orders govern § 101 motion practice in his Court, and both apply here. I am attaching them for your convenience. Together they establish a detailed process that must be followed before a § 101 motion is filed. That process has not even been initiated, let alone completed.

First, the Standing Order Regarding Motions Under 35 U.S.C. § 101 and Accompanying Certifications (attached) directly governs the pre-*Markman* § 101 motion WaveMaker says it intends to file. Because no claim construction order has been entered, that order requires WaveMaker to include in its motion a "Certificate of Compliance," signed by its own lead counsel, stating whether the parties agree or disagree that prior claim construction is not needed to inform the Court's eligibility analysis. That certification may be made only after the parties complete the meet-and-confer the order prescribes — which "shall require one-on-one communication," meaning that "lead counsel for both sides shall diligently communicate orally and directly with each other (in person or telephonically) with no others advising, interjecting, or otherwise participating." If the parties disagree, the order provides for a joint letter to the Court within ten days after the motion is filed, in which the respondent identifies any claim terms it believes require construction — and the order expressly states that "[n]othing included in such joint letter shall bind the parties as to the § 101 motion, future claim construction, or any other proceeding before the Court." The order does not require leave of court to file such a motion, but it does require compliance with this certification process, and it directs that "[t]he clerk shall reject the filing of such pre-*Markman* motions when this certification process has not been met."

WaveMaker has not conducted the one-on-one, lead-counsel meet-and-confer that order requires. Further, such meet-and-confer can only be productive if WaveMaker submits to Native Pixel its § 101 Contentions with sufficient notice to review. So far, WaveMaker's only communications on the subject have been Mr. Pinkus's May 19 email and a request, first made on the afternoon of May 20, to confer — neither of which satisfies the order's requirement of direct, oral, one-on-one communication between lead counsel. Importantly, the meet and confer between lead counsel is required to be meaningful, and

17

not just checking a box. Any meaningful meet and confer must include the substance of Wavemaker's allegations regarding subject matter eligibility. Until that disclosure and a meaningful 1:1 meet-and-confer occurs, the certification process has not been met, and the clerk is directed to reject any pre-*Markman* § 101 filing.

Mr. Pinkus's May 19 email also misstates the order. He wrote: "As required by Judge Gilstrap's standing order regarding motions under 35 U.S.C. § 101, please confirm that Native Pixel does not assert that any of the claim terms need construction for the Court to resolve the patent-eligibility of the claims," and asked that Native Pixel "identify the claim terms and proposed constructions you contend need to be considered by tomorrow, May 20, so that we can include the required certification in our Motion." The order requires no such thing of Native Pixel. The certification is WaveMaker's to make, signed by its lead counsel; it requires only that WaveMaker indicate whether the parties agree or disagree, following the one-on-one meet-and-confer. The order does not require Native Pixel to pre-confirm that no term needs construction, and it does not require Native Pixel to identify claim terms or proposed constructions before the motion is filed — that is precisely the function of the post-filing joint letter, which the order makes expressly non-binding.

Nor is this a matter of Native Pixel withholding a position it could otherwise give. Whether claim construction is necessary to resolve a § 101 challenge is inherently theory-dependent: it turns on which claims and which elements WaveMaker contends are directed to ineligible subject matter, how WaveMaker groups the claims, and on the specific basis for each contention. Native Pixel cannot evaluate whether any term requires construction without knowing the eligibility theory WaveMaker intends to advance — and WaveMaker has disclosed none of it, having provided neither a draft motion nor the Eligibility Contentions the order requires, and having declined the one-on-one exchange through which that information would ordinarily be shared. That is precisely why the order sequences a genuine, informed, one-on-one meet-and-confer before the certification is made.

Indeed, even if Mr. Pinkus's May 19 request that Native Pixel "confirm that [it] does not assert that any of the claim terms need construction for the Court to resolve the patent-eligibility of the claims" were timely and properly directed to Plaintiff — which, as explained above, it is not — it would remain impossible to answer: it literally asks Native Pixel to determine whether claim construction is needed to resolve the arguments in a brief that Native Pixel has never seen. WaveMaker cannot withhold every detail of its intended challenge and simultaneously demand that Native Pixel certify whether claim construction is needed to resolve it.

In any event, Native Pixel's inability to take that position does not impede WaveMaker's ability to file. If the parties do not agree that claim construction is unnecessary, WaveMaker need only provide the required disclosures, conduct the one-on-one meet-and-confer, check the "disagree" box, and file. There is accordingly no basis for the suggestion that Native Pixel must "confirm [its] position" before WaveMaker can meet its deadline. Native Pixel is not required to take a position on whether claim construction is necessary at this time, and on this record it cannot; it expressly reserves all rights to identify disputed claim terms and proposed constructions in accordance with the standing orders and the Court's scheduling orders.

Second, and separately, the Standing Order Regarding Subject Matter Eligibility Contentions (also attached) — which applies to all patent infringement cases assigned to Judge Gilstrap — establishes the substantive contention process that precedes § 101 adjudication. Under that order, no later than 45 days after receiving service of Plaintiff's infringement contentions, each party challenging patent eligibility must serve on all parties its "Eligibility Contentions," which must include the following:

(1) A chart identifying each exception to eligibility (e.g., abstract idea, law of nature, natural phenomenon) to which each Challenged Claim is directed, and the factual and legal basis therefor, including whether any Challenged Claims are representative of others;

(2) A chart identifying: (A) a description of the industry in which the Challenged Claims are alleged to be well understood, routine, and conventional, and the factual and legal basis therefor; and (B) a description of how each element of each Challenged Claim, both individually and in combination, was (i) well understood, (ii) routine, and (iii) conventional in the relevant industry at the relevant time, and the legal and factual basis therefor;

(3) A chart identifying any other factual or legal basis for how the Challenged Claims are otherwise ineligible for patent protection.

The order further requires that the party challenging eligibility "must produce or make available for inspection and copying all materials upon which that party seeks to rely," including identification of patents, publications, evidence of public usage or sales, and all other materials alleged to show that the invention was otherwise available to the public. And under that order, a challenger's Eligibility Contentions are deemed its final contentions, subject only to limited amendment — underscoring that this is a deliberate and consequential disclosure, not a formality to be improvised on two days' notice.

Native Pixel served its infringement contentions on May 18, so WaveMaker's 45-day window is now running but does not close until early July. Yet WaveMaker has done none of what that order requires. To date, there has been zero substantive communication regarding any § 101 challenge, other than WaveMaker's bare assertion that it intends to file one. WaveMaker has not served Eligibility Contentions, has not produced or identified any supporting materials, and — despite our request — has not even shared a draft of its proposed motion. This is also why Native Pixel cannot meaningfully assess WaveMaker's intended motion or whether claim construction bears on it: the very disclosures that would inform that assessment have been withheld.

The entire purpose of these requirements is to ensure that the parties have a thorough and meaningful exchange of information before any § 101 motion is presented to the Court — including the factual, element-by-element "well understood, routine, and conventional" record that *Berkheimer* and *Aatrix* make central to any *Alice* step-two analysis. That process has not been followed in any respect. Indeed, WaveMaker appears to have read these standing orders selectively: while it invokes them to impose obligations on Native Pixel that they do not contain, it apparently regards the obligations the orders do impose on the movant — the one-on-one certification meet-and-confer, service of its Eligibility Contentions, and production of all supporting materials — as not applying to it. That is not how § 101 motions are handled in the Eastern District of Texas.

To the extent WaveMaker proceeds to file a motion on Friday without following these orders, Native Pixel expects that any such motion will disclose the following facts: (1) WaveMaker has not served its Eligibility Contentions or any supporting materials on Plaintiff as required; (2) despite Plaintiff's request, WaveMaker has not shared a draft or any details of whatever it plans to file, having only stated that it is a motion to dismiss based on § 101; (3) WaveMaker first reached out to Plaintiff to meet and confer regarding its § 101 motion on the afternoon of Wednesday, May 20, just two days before its Answer deadline; and (4) the parties have not conducted the lead-counsel-only, one-on-one oral conference required before the certification may be made.

Native Pixel cannot, of course, prevent WaveMaker from filing whatever it chooses on Friday. But I want to ensure that WaveMaker and its counsel understand the procedural landscape. A § 101 patent-eligibility defense raised under Fed. R. Civ. P. 12(b)(6) is expressly preserved by Rule 12(h)(2) and is not waived by filing an answer. Unlike the defenses enumerated in Rule 12(b)(2)–(5), which must be raised by pre-answer motion or in the responsive pleading or they are forfeited, the failure-to-state-a-claim defense under Rule 12(b)(6) — including a § 101 challenge — may be raised in any pleading allowed under Rule 7(a), by a motion under Rule 12(c), or at trial. There is, accordingly, no requirement under the Federal Rules that a § 101 motion must precede WaveMaker's answer.

This means WaveMaker has at least one practical, compliant option under both the Federal Rules and Judge Gilstrap's standing orders. WaveMaker can file its Answer on Friday and then promptly comply with the Eligibility Contentions order — serving its Eligibility Contentions and supporting materials — after which lead counsel can conduct the required one-on-one conference and, if WaveMaker still elects to file a pre-Markman § 101 motion, include the certification reflecting that conference. If the parties disagree about claim construction, Native Pixel will submit the joint letter within ten days as the order provides. This preserves WaveMaker's § 101 defense in full while following the process this Court has established.

What is not appropriate, however, is for WaveMaker to demand that Plaintiff meet and confer immediately based on a complete lack of any disclosure, bypass the requirements of these orders, and file a motion on two days' notice without having provided Native Pixel any of the information the orders require, including the very information Native Pixel would need to assess whether claim construction is implicated at all. That is simply not how § 101 motions are handled in this Court.

Native Pixel is ready to proceed in conformity with the Court's orders, including conducting the lead-counsel, one-on-one conference the certification order requires once WaveMaker has provided the necessary disclosures. Because that conference concerns whether claim construction is needed — a question that turns on WaveMaker's actual § 101 theory — the sensible course is for WaveMaker first to serve its Eligibility Contentions and supporting materials, after which we will promptly provide windows for the lead-counsel call. Consistent with my earlier email, I remain available, including the Friday 1:00 p.m. CT time I previously offered. However, it is not realistic for you and me have a meaningful one-on-one meet and confer on Friday given WaveMaker's refusal to provide any information about its § 101 arguments. As I mentioned, I am traveling tomorrow and am not available, especially given that as of this hour, I have no idea what WaveMaker portends to base its motion upon.

I encourage WaveMaker to follow the rules on filing § 101 motions in this Court. I am available to discuss on Friday, but such discussion, by definition, cannot fulfill the requirements for filing a § 101 motion.

Best regards,

Erick

20



**Erick S. Robinson**

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PLLC**

8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231

**P:** (713) 498-6047

**F:** (713) 583-9737

**www.cjsjlaw.com**

---

**From:** Charles R. Macedo <cmacedo@ARELAW.com>
**Sent:** Wednesday, 20 May 2026 16:13:27
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Pinkus, Brett <bpinkus@spencerfane.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

Erick

Our motion to dismiss is due Friday.   We really need to confirm your position in time to meet the deadline.

Charley

Charles R. Macedo

Amster, Rothstein & Ebenstein LLP

405 Lexington Avenue

New York, NY 10174

www.arelaw.com

Dir 212 336 8074

Cell 914 419 8070

---

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Wednesday, May 20, 2026 5:04:37 PM
**To:** Pinkus, Brett <bpinkus@spencerfane.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**External E-Mail**

Brett,

I am traveling much of tomorrow.  Can we do Friday at 1pm CT or later?  Thanks!

Best regards,

Erick

**Erick S. Robinson**

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PC**

**P:** (713) 498-6047



---

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Wednesday, May 20, 2026 3:55 PM
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>

**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** RE: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

We can both be available to meet and confer tomorrow any time after 10:30 am ET / 9:30 am CT.

**Brett Pinkus**  Partner

Spencer Fane LLP

_____

2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201

O 469.749.2347

bpinkus@spencerfane.com | spencerfane.com

---

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Wednesday, May 20, 2026 3:23 PM
**To:** Pinkus, Brett <bpinkus@spencerfane.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** [EXTERNAL] Re: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Brett,

Thank you for your email. Native Pixel's Patent L.R. 3-1(c) disclosure stands as served: no element of any asserted claim of the '335 or '459 Patents is governed by 35 U.S.C. § 112 ¶ 6/112(f). Nothing further is required of Native Pixel under Patent L.R. 3-1 or 3-2 in connection with that disclosure.

With respect to § 101, we are not in a position to — and the Standing Order does not require us to — pre-certify that no claim term needs construction for the Court to resolve patent eligibility, particularly in the absence of any actual motion, identified claim terms, or proposed constructions from WaveMaker.

Judge Gilstrap's Standing Order Regarding Motions Under 35 U.S.C. § 101 and Accompanying Certifications places the certification obligation on the movant, and the order's meet-and-confer is to be meaningfully conducted in person or by phone, not email. Further. to the extent the parties ultimately disagree on whether claim construction is needed, the order provides for a joint letter to the Court within ten days after the motion is filed; the order also expressly provides that "[n]othing included in such joint letter shall bind the parties as to the § 101 motion, future claim construction, or any other proceeding before the Court." Native Pixel will, of course, comply with that process if and when it is triggered.

Accordingly, Native Pixel is not required at this time to take a position on whether claim construction is necessary to inform the Court's analysis of any potential § 101 motion and therefore takes no such position. Further, Native Pixel reserves all rights to identify disputed claim terms and proposed constructions in accordance with the Standing Order and the Court's scheduling orders. Native Pixel likewise does not waive, and expressly preserves, all positions regarding claim construction, § 112, validity, and infringement.

If WaveMaker wishes to proceed under the Standing Order, let me know when you and Charley are available for a meet-and-confer. Many thanks.

Best regards,

Erick

## Erick S. Robinson

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PC**

**P:** (713) 498-6047



---

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Tuesday, May 19, 2026 4:39 PM
**To:** Erick Robinson <erobinson@CJSJLAW.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Lewis Derenzis III

<<lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** RE: Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

Erick,

Thanks for sending the infringement contentions. We have reviewed them and note that there are no identified means plus function claim elements and that there are no specific claim constructions called out for any of the terms of the asserted claims.

As required by Judge Gilstrap's standing order regarding motions under 35 U.S.C. § 101, please confirm that Native Pixel does not assert that any of the claim terms need construction for the Court to resolve the patent-eligibility of the claims.

If you assert that claim constructions would be required, please identify the claim terms and proposed constructions you contend need to be considered by tomorrow, May 20, so that we can include the required certification in our Motion.

Best regards,

Brett

**Brett Pinkus**  Partner

Spencer Fane LLP

_____

2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201

O 469.749.2347

bpinkus@spencerfane.com | spencerfane.com

---

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Monday, May 18, 2026 10:21 PM
**To:** Pinkus, Brett <bpinkus@spencerfane.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Lewis Derenzis III

<lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** [EXTERNAL] Native Pixel, Inc. v. WaveMaker, Inc. - Service of Plaintiff's Disclosures Pursuant to P.R. 3-1 & 3-2

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Brett,

Apologies as I was looking at the local rules, which provides 10 days notice.  In any case, the Court does not allow the parties to reset a CMC. But I guess I should read the Court's orders more carefully. We will, of course, extend professional courtesy to Defendant going forward in this case.

Please see attached Plaintiff's disclosures pursuant to L.R. 3-1 and 3-2. Have a good evening.

Best regards,

Erick

### Erick S. Robinson

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PC**

**P:** (713) 498-6047



---

**From:** Pinkus, Brett <bpinkus@spencerfane.com>
**Sent:** Monday, May 18, 2026 3:56 PM
**To:** Erick Robinson <erobinson@cjsjlaw.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>
**Subject:** RE: 37234.0009 - Native Pixel, Inc. v. WaveMaker, Inc. - Scheduling Conference

Erick,

Pursuant to the Court's order setting the scheduling conference, Plaintiff's infringement contentions would have been due last Thursday, March 14.

Last week, we wrote to you to see if you wanted to extend the Scheduling Conference, which in turn would have extended your deadline for the Infringement Contention.  You declined our invitation.  Accordingly, we expected to receive your infringement contentions last week. To date, we have not received them.

Plaintiff's failure to comply with the deadline is impacting the orderly progression of the case and related obligations under the schedule.  Please confirm that we will be receiving your contentions later today. If we do not receive them promptly, we will need to consider appropriate next steps, including raising this issue with the Court.

Best regards,

Brett

**Brett Pinkus**  Partner

Spencer Fane LLP

_____

2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201

O 469.749.2347

bpinkus@spencerfane.com | spencerfane.com

---

**From:** Charles R. Macedo <cmacedo@ARELAW.com>
**Sent:** Thursday, May 14, 2026 3:08 PM
**To:** Erick Robinson <erobinson@cjsjlaw.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>
**Cc:** WaveMaker <WaveMaker@ARELAW.com>; Charles R. Macedo <cmacedo@ARELAW.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>; Pinkus, Brett <bpinkus@spencerfane.com>
**Subject:** [EXTERNAL] 37234.0009 - Native Pixel, Inc. v. WaveMaker, Inc. - Scheduling Conference

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Re: 37234.0009 - Native Pixel, Inc. v. WaveMaker, Inc. - Scheduling Conference

Dear Erick,

Thank you for your follow-up email.

Regarding your inquiry into our silence on your settlement offer: **your current proposal is not realistic.** As we have previously advised, your valuation continues to rely on social media metrics rather than the factual commercial realities we have already disclosed.

To be clear, the continued pursuit of this nuisance claim will not result in a windfall. Even if you were to prevail—which we strongly doubt—the actual sales of products containing the identified features are **well below your settlement demand.** Asserting that increased litigation costs create leverage for a higher settlement only underscores the lack of a factual or legal basis for your damages theory.

In response to your other points:

- **Subject-Matter Ineligibility:** Our forthcoming motion will assert that **both patents are invalid under *Alice*.** This is a fundamental challenge to the eligibility of all of the claims in both patents, and we do not believe it is a deficiency that can be cured by repleading.
- **Merits of the Case:** We maintain that your assertions remain **baseless on both validity and infringement grounds.**
- **Next Steps:** We will proceed with the case accordingly. We look forward to receiving your infringement contentions later today and your scheduling proposal.

Regards,

Charley

 Charles R. Macedo

**AMSTER, ROTHSTEIN & EBENSTEIN LLP**


    Chrysler Building

    405 Lexington Avenue, 48th FL

    New York | NY | 10174

    Direct: (212) 336-8074 | General: (212) 336-8000

    cmacedo@arelaw.com | www.arelaw.com

**From:** Erick Robinson <erobinson@CJSJLAW.com>
**Sent:** Wednesday, May 13, 2026 4:37 PM
**To:** Charles R. Macedo <cmacedo@ARELAW.com>
**Cc:** Pinkus, Brett <bpinkus@spencerfane.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>; WaveMaker <WaveMaker@ARELAW.com>
**Subject:** Re: 37234.0009 - Native Pixel, Inc. v. WaveMaker, Inc. - Scheduling Conference

**External E-Mail**

Charley,

Thank you for your email.

Regarding the scheduling conference, we are not amenable to rescheduling, nor would the Court entertain such a request even if we were. In the Eastern District of Texas, it is entirely typical for the Court to set scheduling conferences before opposing counsel has entered an appearance or before the answer deadline has passed, and the Court does not reschedule such scheduling conferences. This is not an unusual practice in the EDTX, as local counsel will confirm.

Additionally, what patents and/or claims are you contending are subject-matter ineligible, and what is your basis for such an assertion?  We have no desire for either side to engage in motion practice if you believe this is something curable with repleading, but if your belief is more fundamental, I'm not sure we can accomplish much without seeing your motion. Additionally, as I'm sure you know, it will likely be quite some time before the Court resolves any such motion.

We have noted Mr. Pinkus's involvement as local counsel and will include him on all future correspondence.

Finally, I assume from your silence that you have no response to our offer? We remain happy to discuss anything including resolution, but once we have to serve infringement contentions, this case will necessarily become more expensive.  Let me know if you would like to chat over the next few days.

Best regards,

Erick

**Erick S. Robinson**

Partner

**CHERRY JOHNSON SIEGMUND JAMES, PC**

**P:** (713) 498-6047



**From:** Charles R. Macedo <cmacedo@ARELAW.com>
**Sent:** Monday, May 11, 2026 3:23 PM
**To:** Erick Robinson <erobinson@cjsjlaw.com>
**Cc:** Pinkus, Brett <bpinkus@spencerfane.com>; Greg Love <glove@cjsjlaw.com>; Mark Siegmund <msiegmund@cjsjlaw.com>; Grace Yang <gyang@cjsjlaw.com>; Ari Rafilson <arafilson@cjsjlaw.com>; Lewis Derenzis III <lderenzis@ARELAW.com>; Joshua Jacobson <jjacobson@ARELAW.com>; WaveMaker <WaveMaker@ARELAW.com>
**Subject:** 37234.0009 - Native Pixel, Inc. v. WaveMaker, Inc. - Scheduling Conference

Dear Erick,

After receiving your May 7 e-mail, we learned that the Court entered a scheduling order setting a Rule 26(f) date on May 28.  Since we have not yet entered our appearance in this case, we had not received this order. In our experience, it is not typical for the court to have set a scheduling conference before we have appeared or responded.

As you know our deadline to respond to the Complaint is not until May 22. We are planning to file a motion to dismiss for lack of subject matter eligibility at that time.  Let us know if you would want to seek to file an Amended Complaint before we file such a motion.  Please also let us know if you would be amenable to rescheduling the scheduling conference until later in June after we have responded to the Complaint.

In the meantime, we have engaged Brett Pinkus from Spencer Fane as our local counsel.  Please include him as well as us in all future correspondence.

Sincerely,

Charley

Charles R. Macedo

**AMSTER, ROTHSTEIN & EBENSTEIN LLP**

Chrysler Building

405 Lexington Avenue, 48th FL

New York | NY | 10174

Direct: (212) 336-8074 | General: (212) 336-8000

cmacedo@arelaw.com | www.arelaw.com

This e-mail transmission and any attachments are intended only for the party to whom it is addressed and may contain privileged or confidential information. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this e-mail is prohibited. If you have received this e-mail in error, please contact the sender immediately by return e-mail or by telephone (212-336-8000) and delete all copies of the material. Thank you.

This e-mail transmission and any attachments are intended only for the party to whom it is addressed and may contain privileged or confidential information. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this e-mail is prohibited. If you have received this e-mail in error, please contact the sender immediately by return e-mail or by telephone (212-336-8000) and delete all copies of the material. Thank you.